# EXHIBIT A

505037193    08/06/2018

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2  
EPAS ID: PAT5083944

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| BLOCKCHAIN TECHNOLOGIES CORPORATION | 08/03/2018 |

**RECEIVING PARTY DATA**

| Name: | BLOCKTECH LLC |
|---|---|
| Street Address: | 90 THOMPSON ST. |
| Internal Address: | SUITE A1 |
| City: | NEW YORK |
| State/Country: | NEW YORK |
| Postal Code: | 10012 |

**PROPERTY NUMBERS Total: 2**

| Property Type | Number |
|---|---|
| Patent Number: | 9608829 |
| Patent Number: | 9836908 |

**CORRESPONDENCE DATA**

Fax Number:  
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| Phone: | (732) 564-5443 |
|---|---|
| Email: | alex.korona@sigmalawgroup.com |
| Correspondent Name: | ALEX KORONA, ESQ. |
| Address Line 1: | 776 MOUNTAIN BLVD. |
| Address Line 2: | STE 105 |
| Address Line 4: | WATCHUNG, NEW JERSEY 07069 |

| ATTORNEY DOCKET NUMBER: | 13379-1 |
|---|---|
| NAME OF SUBMITTER: | ALEX KORONA |
| SIGNATURE: | /Alex Korona/ |
| DATE SIGNED: | 08/06/2018 |

**Total Attachments: 5**  
source=Blockchain-BlockTech IP Assignment - EXECUTED#page1.tif  
source=Blockchain-BlockTech IP Assignment - EXECUTED#page2.tif  
source=Blockchain-BlockTech IP Assignment - EXECUTED#page3.tif

BTC002536

505037193

PATENT  
REEL: 046560 FRAME: 0310

source=Blockchain-BlockTech IP Assignment - EXECUTED#page4.tif
source=Blockchain-BlockTech IP Assignment - EXECUTED#page5.tif

BTC002537

INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT

THIS INTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT (this "Agreement") is entered into effective as of August 3, 2018 (the "Effective Date") by and between Blockchain Technologies Corporation ("ASSIGNOR"), a New York corporation having an address of 157 Prince Street, 2nd Floor, New York, NY 10012 and BlockTech LLC ("ASSIGNEE"), a Colorado limited liability company having an address of 90 Thompson St., Suite A1, New York, NY 10012.

WHEREAS, ASSIGNOR DESIRES to assign and transfer to ASSIGNEE, its successors and assigns, the entire right, title and interest in and to the inventions, patents and patent applications described in detail in attached Schedule A (the "Patents") as well as any Other IP.

NOW THEREFORE, in consideration of the mutual covenants and conditions contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ASSIGNOR and ASSIGNEE (each a "Party" and collectively, the "Parties") agree as follows:

1. **DEFINITIONS**

    1.1. "**Affiliates**": means any member, manager, partner, director, officer, employee, attorney, advisor, representative or entity partly or wholly-owned by a party.

    1.2. "**Other IP**": means any intellectual property that may be associated with or tied to the Patents. Examples include, but are not limited to any (i) international or other patent applications filed in the United States or in any other foreign jurisdiction which claim priority to, reference or otherwise incorporate subject matter or content similar to or derived from the Patents, as well as any provisional patents applications referenced by the Patents or to which the Patents claim priority (collectively, the "Related Patents"); and (ii) trademarks (together with the goodwill of the business connected with the use of, and symbolized by such trademarks), trade secrets, or other copyrights associated with the Patents and Related Patents.

2. **ASSIGNMENT**

    2.1. ASSIGNOR does hereby irrevocably sell, assign and transfer to ASSIGNEE, its successors and assigns, the entire right, title and interest in and to the Patents the Other IP.

    2.2. ASSIGNOR agrees to execute all papers and to perform other acts necessary to secure for ASSIGNEE or its affiliates the rights herein assigned.

3: **PAYMENT**

   3.1. In consideration of the assignment contained herein, ASSIGNEE agrees to pay ASSIGNOR the following:

      3.1.1. <u>Assignment Fee</u>. ASSIGNEE shall pay to ASSIGNOR a fee of One Hundred Thousand Dollars ($100,000.00) (the "Assignment Fee"). The Assignment Fee shall be payable by ASSIGNEE to ASSIGNOR with an initial payment of Ten Thousand Dollars ($10,000.00) (the "Initial Payment") on the Effective Date of this Agreement and additional payments of Ten Thousand Dollars ($10,000.00) (each, an "Installment Payment") on (or before) each six (6) month anniversary of the Effective Date, until the entire Assignment Fee has been paid by ASSIGNEE.

      3.1.2. <u>Royalty Fee</u>. ASSIGNEE shall pay to ASSIGNOR a royalty fee of three percent (3%) of all gross revenues directly or indirectly attributable to the Patents and Other IP, including, but not limited to, (a) the sale of any product or service that incorporates or otherwise relies on the Patents and Other IP (b) the proceeds generated by the licensing of the Patent or Other IP (the "Royalty Fee"). On or before the fifteenth (15th) day following each six (6) month anniversary of the Effective Date of this Agreement, ASSIGNEE shall remit to ASSIGNOR a payment equal to the Royalty Fee for the then preceding six (6) month period. The Royalty Fee set for in this Section 3.1.2 shall be payable to ASSIGNOR as long as the Patents or any of the Related Patents have an unexpired term remaining.

      3.1.3. <u>Disposition Fee</u>. ASSIGNEE shall pay to ASSIGNOR a fee of ten percent (10%) of the net proceeds received by ASSIGNEE from any sale of the Patents and Other IP or any portion thereof (the "Disposition Fee"). Upon payment of a Disposition Fee, ASSIGNEE shall no longer be required to pay ASSIGNOR a Royal Fee, it being understood that the obligation to pay the Royalty Fee shall terminate as to the portion of the Patents and Other IP that is sold but shall continue as to any portion of the Patents and Other IP that is not sold.

4. **REPRESENTATIONS AND WARRANTIES**

   4.1. **Mutual Representation and Warranties**. Each party represents and warrants that as of the Effective Date and at all times thereafter:

      (a)    this Agreement constitutes its valid and binding obligation and is enforceable against it in accordance with the terms of this Agreement; and

(b) the execution and delivery of this Agreement by it and the performance of its obligations hereunder: (i) are not in violation or breach of, and will not conflict with or constitute a default under, any material contract, agreement or commitment binding upon it; and (ii) will not conflict with or violate in any material manner, any applicable law, rule, regulation, judgment, order or decree of any government, governmental instrumentality or court having jurisdiction over such Party.

4.2. **Warranty by ASSIGNOR**

(a) **Warranty**. ASSIGNOR hereby represents and warranties to ASSIGNEE that ASSIGNOR has the right, power and authority to enter into this Agreement.

5. **MISCELLANEOUS PROVISIONS.**

5.1. **Governing Law**. This Agreement, and any and all disputes arising out of or relating to this Agreement, will be governed by and construed under the laws of New York and the United States of America where applicable, without reference to its conflicts of law principles.

5.2. **Resolution of Disputes**. Any dispute, claim or controversy that may arise in connection with this Agreement shall be first negotiated in good faith by the Parties, and if such negotiations do not result in a mutually agreeable resolution, either Party may bring a claim against the other Party, provided that such claim shall be exclusively venued in the courts located in New York. Each Party hereby irrevocably submits to the exclusive jurisdiction of such courts for any such claims, and waives any objections to such courts based on venue or the doctrine of forum non conveniens.

5.3. **Successors and Assigns; Third Party Beneficiaries**. This Agreement is binding upon and will inure to the benefit of each Party and their respective permitted successors or assigns. Nothing in this Agreement, express or implied, is intended to confer upon any other Person any rights or remedies of any nature whatsoever under or by reason of this Agreement.

5.4. **Entire Agreement**. This Agreement (including any attached Schedule) sets forth the entire agreement and understanding of the Parties relating to the subject matter hereof and merges all discussions, representations, covenants, promises, discussions, negotiations, and exchanges between them with respect thereto.

PATENT
REEL: 046560 FRAME: 0314
BTC002540

5.5. **Modification and Waiver**. No modification of or amendment to this Agreement will be effective unless in writing signed by authorized representatives of both Parties. No waiver of any rights is to be charged against any Party unless such waiver is in writing signed by an authorized representative of the Party so charged.

5.6. **Unenforceable Provisions**. If any provision of this Agreement is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Agreement will remain in full force and effect, and, if legally permitted, such offending provision shall be replaced with an enforceable provision that as nearly as possible gives effect to the Parties' intent.

5.7. **Counterparts**. This Agreement and any exhibit attached hereto may be executed in multiple counterparts (which may be exchanged by facsimile), each of which will be deemed an original and all of which together will constitute one instrument.

**IN WITNESS WHEREOF**, the Parties have duly executed this agreement on the date first written above.

| ASSIGNOR | ASSIGNEE |
|---|---|
| By: _____ | By: _____ |
| Print: NIKOLAOS SPANOS | Print: ERIC DIXON |
| Title: PRESIDENT | Title: CO-MANAGING MEMBER |
| Company: Blockchain Technologies Corporation | Company: BlockTech LLC |

## SCHEDULE A
## DESCRIPTION OF PATENTS

| US PATENT OR PATENT APPLICATION NO. | TITLE | FILING DATE |
|---|---|---|
| 9,608,829 | SYSTEM AND METHOD FOR CREATING A MULTI-BRANCHED BLOCKCHAIN WITH CONFIGURABLE PROTOCOL RULES | July 24, 2015 |
| 9,836,908 | SYSTEM AND METHOD FOR SECURELY RECEIVING AND COUNTING VOTES IN AN ELECTION | August 6, 2015 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

BTC002542